1

2                      UNITED STATES DISTRICT COURT

3                           DISTRICT OF NEVADA

4                                    * * *

5    LUIS VAZQUEZ, *et al.*,              )         2:10-CV-00116-PMP-RJJ
                                          )
6              Plaintiffs,                )         **ORDER**
                                          )
7    v.                                   )
                                          )
8    BANK OF AMERICA HOME LOANS,          )
     *et al.*,                            )
9                                         )
               Defendants.                )
10                                        )
                                          )
11

12          Before the Court is Defendants' Bank of America, N.A. ("Bank of America"),

13   appearing for itself and for the erroneously-named Countrywide Bank, N.A., ("CB"),

14   Countrywide Home Loans, Inc. ("CLH"), Countrywide Financial Corporation ("CFC"),

15   Federal National Mortgage Association ("Fannie Mae") and BAC Home Loans Servicing

16   LP ("BAC"), appearing for itself and the erroneously named Bank of America Home Loans

17   (collectively "Defendants") fully briefed Motion to Dismiss (Doc. # 15) filed March 1,

18   2010.  Defendant United Homes Exchange I, LLC filed a Joinder (Doc. # 37) on May 4,

19   2010. On May 24, 2010, Defendants' filed a Supplement making the Motion to Dismiss

20   applicable to Plaintiffs' Second Amended Complaint (Doc. # 41) filed May 10, 2010.  On

21   May 10, 2010, the Court conducted a hearing on Defendants Motion to Dismiss.

22          Plaintiffs bring this putative class action alleging multiple claims for relief

23   against Defendants grounded in their allegation that Defendants have breached their

24   Servicer Participation Agreements (SPA's) with Fannie Mae under the Home Affordable

25   Modification Program (HAMP), by denying or refusing to consider their applications for

26   mortgage loan modification.

1    Defendants argue Plaintiffs' contract based claims fail as a matter of law because

2 Plaintiffs lack third-party beneficiary rights under the SPA's and thus lack standing.

3 Defendants further argue that Plaintiffs' statutory causes of action (the claims brought

4 under the Nevada Deceptive Trade Practice Act (N.R.S. Ch. 598) and Unfair Lending

5 Practices Act (N.R.S. Ch. 598D)) also fail because Plaintiffs do not allege any facts that, if

6 proven, would entitle them to relief under the statutes. The Court agrees.

7    Plaintiffs are not intended third party beneficiaries of the SPA/HAMP contract

8 between Defendants and Fannie Mae.  Klamath Water Users Protective Ass'n v. Patterson,

9 204 F.3d 1206, 1210 (9th Cir. 1999).  Third parties who benefit from a government contract

10 are "assumed to be incidental beneficiaries, rather than intended ones, and so may not

11 enforce the contract absent a clear intent to the contrary."  County of Santa Clara v. Astra

12 USA, Inc., 588 F.3d 1237, 1244 (9th Cir. 2009) (citations, quotation, emphasis omitted).  A

13 plaintiff does not show clear intent "by a contract's recitation of interested constituencies,

14 vague, hortatory pronouncements, statements of purpose, explicit reference to a third party,

15 or even a showing that the contract operates to the third parties' benefit and was entered

16 with [them] 'in mind." Id. (quotations, citations, alterations omitted).  Instead, the contract's

17 precise language must demonstrate a clear intent to rebut the presumption that the plaintiff

18 is an incidental beneficiary. Id.

19    Plaintiffs have not plead facts demonstrating a plausible claim to relief on any of

20 their claims.  Plaintiffs have not identified anything in the SPA/HAMP contract which

21 clearly expresses a promissory intent to benefit borrowers, or that it gives borrowers any

22 rights or otherwise expresses an intent to confer third party beneficiary status on them. Even

23 Fannie Mae which has rights under the contract, cannot force Defendants to make any

24 particular loan modification. Under the contract at issue, neither can Plaintiffs.

25 Nor can Plaintiffs attempt to use the claim for breach of contract to overcome the absence

26 of a direct private right of action under the Emergency Economic Stabilization Act, 12

1   U.S.C. Section 5201, et seq., because there is no private right of action under HAMP.

2          The Court further finds that for the reasons set forth in Defendants Motion to

3   Dismiss (Docs. # 15 & 27) and Joinder (Doc. # 37), Plaintiffs have not pled their statutory

4   causes of action under the Nevada Deceptive Trade Practice Act and Unfair Lending

5   Practices Act, or the remaining claims set forth in their Second Amended Complaint (Doc.

6   # 41) with sufficient facts to demonstrate a plausible entitlement to relief.  Plaintiffs

7   complaint has been twice amended and the Court finds no basis to warrant further attempts

8   at amendment.

9          **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Docs. #

10  15 and 37) is **GRANTED,** and that the Clerk of Court shall forthwith enter judgement in

11  favor of Defendants and against Plaintiffs.

12          DATED: August 23, 2010.

13

14

15

16          _____

17          PHILIP M. PRO
            United States District Judge

18

19

20

21

22

23

24

25

26

3