UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LUIS VAZQUEZ, *et al.*,

    Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, *et al.*,

    Defendants.

2:10-CV-00116-PMP-RJJ

**ORDER**

        Before the Court is Plaintiffs fully briefed Motion for Preliminary Injunction (Doc. # 4), filed January 27, 2010. A hearing was conducted on Plaintiffs Motion on May 10, 2010. For the reasons set forth below, the Court finds Plaintiffs Motion must be Denied.

        Plaintiffs are purchasers of property located in Clark County, Nevada and have home loans currently serviced by Defendants. Plaintiffs allege they are borrowers who meet the minimum criteria to be considered for the Home Affordable Modification Program ("HAMP"), because (a) they defaulted on their mortgage due to financial hardship; (b) the mortgaged property is their primary residence; (c) their mortgage originated before January 2009; (d) the balance owed on the mortgage does not exceed the limits set forth by HAMP; and (e) the monthly payments on the mortgage for principal, interest, property taxes, and insurance exceed 31% of their gross monthly income.

        By their Second Amended Class Action Complaint (Doc. # 41), Plaintiffs assert claims for Declaratory Relief, Injunctive Relief, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Inspection and Accounting, Slander of Title, Unfair Lending Practices, Deceptive Trade Practices, and Wrongful Foreclosure. By the

1  instant Motion, Plaintiff's seek to enjoin Defendant's from (1) foreclosing upon Plaintiffs'
2  properties, and/or (2) evicting Plaintiffs if a foreclosure has occurred. Defendant's respond
3  that Plaintiff"s Motion for Preliminary Injunction must be denied because Plaintiffs lack a
4  probability of success on the merits and have no demonstrated they will suffer immediate,
5  irreparable harm if the injunction does not issue. The Court agrees.

6  Plaintiffs have not established entitlement to injunctive relief by proving that: (1)
7  they are likely to succeed on the merits; (2) there is a likelihood of irreparable harm if the
8  injunction does not issue; (3) the balance of the hardships favors Plaintiffs: and (4) an
9  injunction is in the public interest. <u>Winter v. Natural Resources Defense Council</u>, 129 S.
10 Ct. 365, 374 (2008).

11 Plaintiffs have no probability of success on the merits because they lack standing
12 to sue for breach of the Servicer Participant Agreements entered between Defendant's and
13 Fannie Mae acting as financial agent of the United States as part of the HAMP program.
14 Plaintiffs have not identified anything in the HAMP Agreement which clearly expresses a
15 promissory intent to benefit borrowers, nor does it give borrowers any rights or otherwise
16 express an intent to confer third party beneficiary status on borrowers.  As Defendants point
17 out, even Fannie Mae, which has rights under the Servicer Participation Agreement, cannot
18 force Defendants to make any particular loan modification.  Thus, a borrower could not
19 require Defendants to make any particular loan modification under the HAMP program
20 either.  Although the overall HAMP program may have had a goal of assisting homeowners
21 in default as incidental beneficiaries, the HAMP contract does not express any intent to
22 grant borrowers, such as Plaintiffs before the Court, a right to enforce the HAMP contract
23 between Fannie Mae and Defendants.  Surely Congress could clearly have expressed such
24 an intention had it existed.  Instead, it created a voluntary program which the parties are free
25 to pursue.  The Court, however, cannot create a statutory or contract right where none
26 exists.

1     Moreover, Plaintiffs have failed to show a danger of imminent irreparable harm
2 or harm which could not be remedied by monetary damages.  By comparison, the harm to
3 Defendants if the injunctive relief sought by Plaintiffs were granted would require
4 Defendants to forestall foreclosure where Plaintiffs have failed to pay their current
5 mortgage obligations, thereby enabling them to continue to enjoy the use of the property at
6 the expense of Defendants.

7     **IT IS THEREFORE ORDERED** that Plaintiffs Motion for Preliminary
8 Injunction (Doc. # 4) is **DENIED**.

9     DATED: August 23, 2010.

_____
PHILIP M. PRO
United States District Judge

3